# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 2, 2013

Lyle W. Cayce
Clerk

No. 12-30576
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES NEUMAN,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-24-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Charles Neuman, now federal prisoner # 90449-079, appeals the district court's orders denying his motions for (1) a new trial based on newly discovered evidence related to his conviction of being a felon in possession of a firearm and (2) reconsideration of that order. We review a district court's order denying a motion for abuse of discretion. *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2004). In so doing, we "must not revisit evidence, reevaluate witness credibility, or attempt to reconcile seemingly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contradictory evidence." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005).

Although a motion for a new trial based on newly discovered evidence may be granted in the interests of justice, *United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003) (citing FED. R. CRIM. P. 33(a)), such motions are "disfavored and reviewed with great caution." *Wall*, 389 F.3d at 467 (internal quotation marks and citation omitted). To prevail, a defendant must show that:

> (1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence if introduced at a new trial would probably produce an acquittal.

*Id.* All five requirements must be met. *Id.* The motion should not be granted unless failing to do so "would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *Id.* at 466. The defendant also must demonstrate that his substantial rights were affected. *Id.* A motion for a new trial may not be based on inadmissible hearsay. *Id.* at 470-71 (citing *United States v. Parker*, 903 F.2d 91, 102-03 (2d Cir. 1990) (requirement that newly discovered evidence would produce an acquittal in a new trial presupposes that the evidence would be admissible)).

Neuman does not dispute that the two affidavits he filed in support of his motion for a new trial presented hearsay testimony. Neither does he challenge the district court's determination that the statement of John Sterling, also filed in support of the motion, was unsworn and therefore inadmissible. Instead, he contends that the district court should have deemed the affidavits admissible pursuant to Federal Rule of Evidence 804(b)(6), as the out-of-court declarants were unavailable because they had been threatened by the government. Neuman contends conclusionally that one investigator's affidavit reflects that Justin Nichols refused to sign an affidavit because he feared retaliation by the

2

government, but he provides no citation to the record in support of this conclusional assertion. The affidavit states only that Nichols refused to sign an affidavit because he "'did not wish to participate in this matter'"; it provides no factual information why Nichols refused to participate. Although Neuman contends that the district court should have convened an evidentiary hearing, his contention is based on the same unsupported and conclusional assertion. Neuman presents no argument with respect to the district court's conclusions that the evidence was not newly discovered, and he fails to show that admission of the evidence at a new trial would result in an acquittal. Neither does he present any other argument with respect to the district court's order denying his motion for reconsideration.

As the district court reasoned, to obtain a conviction, the government needed to show only that Neuman was in possession of the firearm. *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). The affidavits and unsworn statement filed with his motion for a new trial tend to support, rather than refute, the jury's finding that Neuman possessed a firearm, and ample evidence of such possession was introduced at trial. Neuman has not shown that his substantial rights were affected. *See Wall*, 389 F.3d at 466. The district court's orders are AFFIRMED.