# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2013

No. 11-20786
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RHONDA FLEMING,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-513-1

Before JOLLY, SMITH, AND CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, federal prisoner # 20446-009, appeals the district court's denial of her August 2011 motion for new trial based on newly discovered evidence. A jury found Fleming guilty of one count of conspiring to commit health care fraud and wire fraud, 35 counts of aiding and abetting health care fraud, 10 counts of aiding and abetting wire fraud, 15 counts of concealing money laundering, and five counts of engaging in monetary transactions in property derived from specified unlawful activity, and the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced her to a total term of 360 months in prison and three years of supervised release. This court affirmed the judgment. *United States v. Arthur*, 432 F. App'x 414 (5th Cir. 2011).

The district "court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Piazza*, 647 F.3d 559, 564 (5th Cir. 2011). To obtain a new trial based on newly discovered evidence, the defendant must show that (1) the evidence is newly discovered and was unknown to her at the time of trial, (2) the failure to detect the evidence was not due to her lack of diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence if introduced at a new trial would probably produce an acquittal. *Id.* at 565. The failure to demonstrate any one factor is fatal to the motion. *Id.*

"The decision to conduct an evidentiary hearing on a motion for a new trial is within the sound discretion of the district court." *United States v. Bishop*, 629 F.3d 462, 470 (5th Cir. 2010). This court "will reverse only where the ruling was so clearly erroneous as to constitute an abuse of discretion." *Id.*

Fleming moved for a new trial based on newly discovered evidence that she was improperly medicated during trial, that she was involuntarily medicated as a condition of representing herself at trial, and that the jury prematurely deliberated and was tampered. The district court determined that it did not have jurisdiction over the motion for new trial because it was filed while the case was still on appeal and ordered that the motion be stricken. In the alternative, the court denied the motion "because the issues raised by defendant were each rejected on appeal and are not, as defendant alleges, premised upon newly-discovered evidence."

To the extent the district court struck or denied the motion for lack of jurisdiction, it erred. *See* FED. R. CIV. P. 33; *United States v. Redd*, 355 F.3d 866,

880 (5th Cir. 2003). However, such error is not reversible and does not warrant remand in this case because we affirm on the district court's alternative grounds.

The district court did not err in concluding that Fleming's claim that she was involuntarily medicated in violation of her right to due process was rejected on direct appeal. *See Arthur*, 432 F. App'x at 428. Additionally, contrary to Fleming's assertion, there was no testimony at the proffer hearing that either the prescription for or the duration of Fleming's taking of Effexor was improper. Thus, Fleming did not have evidence, new or otherwise, that she was improperly medicated.

Fleming raised in the instant new trial motion the same or similar assertions that she made in her October 2009 motion for an evidentiary hearing on jury misconduct, and which this court found on direct appeal were insufficient to support that motion. *Arthur*, 432 F. App'x at 431. Thus, the district court did not err in finding that this issue had been rejected on direct appeal. Additionally, Fleming's only new evidence was her own affidavit containing hearsay. Thus, the district court did not err in finding that Fleming had presented no new evidence that the jury had engaged in premature deliberations or had been tampered. *See United States v. Neuman*, 505 F. App'x 308, 309 (5th Cir. 2013 (citing *United States v. Wall*, 389 F.3d 457, 470-71 (5th Cir. 2004)).

Accordingly, the district court did not abuse its discretion in denying Fleming's motion for a new trial without a hearing. *See Piazza*, 647 F.3d at 564-65; *Bishop*, 629 F.3d at 470. Fleming's outstanding motions for remand to hold hearing on her motion for a new trial and for appointment of counsel on remand are denied.

AFFIRMED; MOTIONS DENIED.